UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOVANNY ACUNA-MARTINEZ,<br><br>　　　　　　Plaintiff,<br>　v.<br>C.O.,<br><br>　　　　　　Defendant. | Case No. 2:23-cv-01390-ART-MDC<br><br>SCREENING ORDER |

Plaintiff Jovanny Acuna-Martinez, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, and has filed an application to proceed *in forma pauperis*. (ECF Nos. 1-1, 4). The matter of the filing fee will be temporarily deferred. The Court now screens Plaintiff's civil rights complaint under 28 U.S.C. § 1915A.

I. **SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an

incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

1   "While legal conclusions can provide the framework of a complaint, they must be
2   supported with factual allegations." *Id.* "When there are well-pleaded factual
3   allegations, a court should assume their veracity and then determine whether
4   they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a
5   complaint states a plausible claim for relief . . . [is] a context-specific task that
6   requires the reviewing court to draw on its judicial experience and common
7   sense." *Id.*

8   Finally, all or part of a complaint filed by an incarcerated person may
9   therefore be dismissed *sua sponte* if that person's claims lack an arguable basis
10  either in law or in fact. This includes claims based on legal conclusions that are
11  untenable (e.g., claims against defendants who are immune from suit or claims
12  of infringement of a legal interest which clearly does not exist), as well as claims
13  based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See*
14  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932
15  F.2d 795, 798 (9th Cir. 1991).

16  **II.   SCREENING OF COMPLAINT**

17  In the complaint, Plaintiff sues Doe correctional officer ("C/O") for events
18  that took place while Plaintiff was incarcerated at Southern Desert Correctional
19  Center ("SDCC"). (ECF No. 1-1 at 1).  Plaintiff brings three claims and seeks
20  monetary damages.  (*Id.* at 5-6).

21  The complaint alleges the following: On June 10, 2023, Plaintiff was
22  attacked and assaulted by other inmates. (*Id.* at 4).  That night, Doe C/O saw an
23  inmate assault Plaintiff. (*Id.*)  When Plaintiff walked into the bathroom, Doe C/O
24  flashed the lights and Plaintiff was assaulted in the bathroom by three inmates.
25  (*Id.*) Doe C/O flashed the lights again and the inmates stopped. (*Id.*) Plaintiff
26  then walked outside and was assaulted by inmates with a homemade knife, or
27  shank. (*Id.*) Doe C/O witnessed this but did not do anything. (*Id.*) When Plaintiff
28  went to the bubble and asked to be removed from the unit, Doe C/O "walked

3

around." (*Id.*)

Plaintiff received approximately 10 stabs to his head, eye, neck, back, both arms, and right hand. (*Id.* at 2). After the stabbing, Doe C/O put Plaintiff in a holding cell. (*Id.*) Prison officials did not take Plaintiff to a hospital until the next day. (*Id.*) Plaintiff had to use his shirt to stop the bleeding. (*Id.* at 3).

Plaintiff had migraines for two months. (*Id.*) Because prison officials refused to check on the puncture wounds to Plaintiff's head and eye, Plaintiff now wears glasses. (*Id.*) Plaintiff also has numbness in his arm. (*Id.*)

Someone stole Plaintiff's personal items including clothes, shoes, personal appliances, hotpot, charger, etc. (*Id.* at 5).

Plaintiff brings three Eighth Amendment claims for medical care (claim 1), threat to safety (claim 2), and property (claim 3). (*Id.* at 3-5). The Court interprets the allegations as claims for Eighth Amendment deliberate indifference to serious medical needs (claim 1), Eighth Amendment failure to protect (claim 2), and Fourteenth Amendment due process property deprivation (claim 3). The Court will address each claim in turn.

**A.    Claim 1**

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

The Court finds that Plaintiff states a colorable claim against Doe C/O. Based on the allegations, Plaintiff had been stabbed multiple times and, instead of seeking medical help for Plaintiff, Doe C/O kept Plaintiff in a holding cell overnight. This claim will proceed against Doe C/O when Plaintiff learns his identity.

**B.   Claim 2**

Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were deliberately indifferent to serious threats to the inmate's safety. *Id.* at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference

5

could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.* at 837. Prison officials may not escape liability because they cannot, or did not, identify the specific source of the risk; the serious threat can be one to which all prisoners are exposed. *Id.* at 843.

The Court finds that Plaintiff states a colorable claim for failure to protect against Doe C/O. Based on the allegations, Doe C/O watched Plaintiff get attacked by inmates three different times, including being stabbed, and did nothing to stop the attacks. This claim will proceed against Doe C/O when Plaintiff learns his identity.

### C.    Claim 3

While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful post-deprivation remedy is available for the loss. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985). An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982); *Piatt v. MacDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987).

The Court dismisses this claim without prejudice with leave to amend. Plaintiff has not indicated who stole his personal property. If Plaintiff is trying to allege that another inmate stole his property, he fails to state a colorable claim because inmates do not act under color of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988) (holding that the "[t]he traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law'"). If Plaintiff is alleging that a prison official stole his property, he will need make clear whether it was an intentional

deprivation of property or an intentional unauthorized deprivation. This claim is dismissed without prejudice with leave to amend.

### D. Doe Defendant

Although Plaintiff states colorable claims, this matter cannot proceed because Plaintiff's colorable claims are asserted against a defendant that cannot presently be served. Although the use of "Doe" to identify a defendant is not favored, flexibility is allowed in some cases where the identity of the parties is not known prior to filing a complaint but can subsequently be determined through discovery. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Such a course of action might be appropriate when a matter may proceed to discovery. This matter cannot proceed to discovery because the complaint cannot be served on any party in the first instance. The Court cannot order service of a complaint on an unknown person. Any attempt to serve the complaint on Doe C/O would be futile. Plaintiff has not named any other person that can be served. Before Plaintiff may proceed, he must amend his complaint and identify Doe C/O.

The Court would note that one possible method by which Plaintiff might attempt to identify Doe C/O prior to service of his complaint is through Federal Rule of Civil Procedure 45 ("Rule 45"). Rule 45 provides the only way to get information from companies, people, or entities that are not named in a lawsuit. *Allen v. Woodford*, 543 F. Supp. 2d 1138, 1145 (E.D. Cal. 2008) (granting the plaintiff's motion to compel discovery and ordering the Custodian of Records of the California Department of Corrections and Rehabilitation to produce the plaintiff's requested documents under Rule 45). This is done by obtaining a Rule 45 subpoena duces tecum, which is a document that requires the person served with the Rule 45 subpoena to provide requested information in their possession.

If Plaintiff uses this method, he must file a properly supported and complete motion for the Court to issue a Rule 45 subpoena duces tecum. Plaintiff must attach a copy of his proposed Rule 45 subpoena(s) to his motion, and his

motion must clearly identify the documents that would have the information Plaintiff is seeking.[1] Plaintiff must also explain why the documents and information would be available from the company, entity, or person that is the target of the subpoena. Plaintiff is directed to carefully review Rule 45 of the Federal Rules of Civil Procedure before filing such a motion.

### E. Leave to Amend

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of his Fourteenth Amendment claim and to identify Doe C/O. If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit, including the claim(s) found cognizable in this order and must identify Doe C/O by name. Moreover, Plaintiff should file the amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint."

The Court notes that if Plaintiff chooses to file an amended complaint curing the deficiencies, as outlined in this order, Plaintiff will file the amended complaint within 60 days from the date of entry of this order. If Plaintiff chooses not to file an amended complaint curing the stated deficiencies, this action will

---

[1] Plaintiff is seeking the identity of the correctional officer who was on duty in his unit at SDCC on June 10, 2023, when Plaintiff was attacked and stabbed by other inmates.

be dismissed without prejudice.

**III.  CONCLUSION**

It is therefore ordered that a decision on the application to proceed *in forma pauperis* (ECF No. 4) is deferred.

It is further ordered that the Clerk of the Court file the complaint (ECF No. 1-1).

It is further ordered that claim 1, alleging Eighth Amendment deliberate indifference to serious medical needs, may proceed against Defendant Doe C/O when Plaintiff learns his identity and files an amended complaint with his name.

It is further ordered that claim 2, alleging Eighth Amendment failure to protect, may proceed against Defendant Doe C/O when Plaintiff learns his identity and files an amended complaint with his name.

It is further ordered that claim 3, alleging Fourteenth Amendment due process property deprivation, is dismissed without prejudice with leave to amend.

It is further ordered that, if Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff will file the amended complaint within 60 days from the date of entry of this order.

It is further ordered that the Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1).  If Plaintiff chooses to file an amended complaint, he should use the approved form and mark "First Amended Complaint" in the caption.

//

//

//

9

If Plaintiff does not file an amended complaint within 60 days, the Court will dismiss this action without prejudice for Plaintiff to initiate a new action when he learns the identity of Doe C/O.

Dated this 18th day of June 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE