UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOVANNY ACUNA-MARTINEZ,<br><br>        Plaintiff,<br>v.<br>MASON, et al.,<br><br>        Defendants. | Case No. 2:23-cv-01390-ART-MDC<br><br>SCREENING ORDER ON<br>FIRST AMENDED COMPLAINT<br>(ECF No. 18) |

Plaintiff, who is no longer incarcerated, has submitted a first amended civil rights complaint pursuant to 42 U.S.C. § 1983 ("FAC"), and has filed an application to proceed *in forma pauperis* for inmates, a motion to file an amended complaint, and a motion for pro se litigant to file electronically. (ECF Nos. 4, 18, 19, 20). The Court grants Plaintiff's motion to amend his complaint (ECF No. 19) and finds that the FAC (ECF No. 18) is the operative complaint in this case. The Court denies the application to proceed *in forma pauperis* for inmates (ECF No. 4) as moot and directs Plaintiff to file a non-prisoner application to proceed *in forma pauperis* or pay the full filing fee for a civil action. The Court now screens Plaintiff's FAC under 28 U.S.C. § 1915A and addresses the remaining motion.[1]

I. **SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or

---

[1] The Court screens the FAC under the Prison Litigation Reform Act ("PLRA") because Plaintiff was still incarcerated when he filed the FAC. *See Olivas v. Nevada ex rel. Dep't of Corr.*, 856 F.3d 1281, 1282 (9th Cir. 2017) (holding that "28 U.S.C. § 1915A applies . . . to claims brought by individuals incarcerated at the time they file their complaints").

seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle them to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the

plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may therefore be dismissed *sua sponte* if the claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   SCREENING OF FAC

In the FAC, Plaintiff sues Defendants Correctional Officers ("C/O") Mason and Reese for events that took place while Plaintiff was incarcerated at Southern

1  Desert Correctional Center ("SDCC"). (ECF No. 18 at 1). Plaintiff brings two
2  claims and seeks monetary damages. (*Id.* at 4, 6).

3        The FAC alleges the following: On June 10, 2023, Plaintiff was attacked
4  and assaulted by other inmates. (*Id.* at 4). That night, C/O Mason was on duty
5  and saw an inmate assault Plaintiff. (*Id.*) When C/O Mason flashed the lights,
6  the attacking inmate got off Plaintiff. (*Id.*) When Plaintiff walked into the
7  bathroom, he was assaulted in the bathroom by three inmates. (*Id.*) After C/O
8  Mason flashed the lights again, those inmates stopped attacking Plaintiff. (*Id.*)
9  Plaintiff then walked outside and was assaulted by inmates with a homemade
10 knife, or shank. (*Id.*) C/O Mason witnessed this, walked away, and did not do
11 anything. (*Id.*) Plaintiff got away and went to his bunk. (*Id.*) Later, Plaintiff went
12 to the bubble to talk to C/O Mason to seek medical help because Plaintiff could
13 not see from the assault. (*Id.*)

14       Plaintiff received approximately 10 stabs to his head, face, neck, back,
15 arms, and hands. (*Id.* at 2). After the stabbing, C/O Reese put Plaintiff in a
16 holding cell and did not take Plaintiff to a hospital until the next day. (*Id.*)
17 Plaintiff had a deep puncture wound in his neck and had to use his shirt to stop
18 the bleeding. (*Id.* at 3).

19       Plaintiff had migraines for months. (*Id.*) Because C/Os Reese and Mason
20 refused to check on the puncture wounds to Plaintiff's head and eye, Plaintiff
21 has permanent eye damage and now wears glasses. (*Id.*) Plaintiff also has
22 numbness in his arm and disfiguring scars on his face and chest. (*Id.*)

23       Plaintiff brings claims for Eighth Amendment deliberate indifference to
24 serious medical needs (claim 1) and failure to protect (claim 2). (*Id.* at 3-4).

25     **A.   Claim 1**
26       The Eighth Amendment prohibits the imposition of cruel and unusual
27 punishment and "embodies 'broad and idealistic concepts of dignity, civilized
28

4

1  standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102
2  (1976). A prison official violates the Eighth Amendment when he acts with
3  "deliberate indifference" to the serious medical needs of an inmate. *Farmer v.*
4  *Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment
5  violation, a plaintiff must satisfy both an objective standard—that the
6  deprivation was serious enough to constitute cruel and unusual punishment—
7  and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d
8  978, 985 (9th Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744
9  F.3d 1076, 1082–83 (9th Cir. 2014).

10  To establish the first prong, "the plaintiff must show a serious medical
11  need by demonstrating that failure to treat a prisoner's condition could result in
12  further significant injury or the unnecessary and wanton infliction of pain." *Jett*
13  *v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To
14  satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful
15  act or failure to respond to a prisoner's pain or possible medical need and (b)
16  harm caused by the indifference." *Id.* "Indifference may appear when prison
17  officials deny, delay or intentionally interfere with medical treatment, or it may
18  be shown by the way in which prison physicians provide medical care." *Id.*
19  (internal quotations omitted). When a prisoner alleges that delay of medical
20  treatment evinces deliberate indifference, the prisoner must show that the delay
21  led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766
22  F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more,
23  is insufficient to state a claim of deliberate medical indifference").

24  The Court finds that Plaintiff states a colorable claim for deliberate
25  indifference to serious medical needs. Based on the allegations, C/O Mason
26  witnessed Plaintiff get attacked and stabbed multiple times but did not get
27  Plaintiff any medical help. Additionally, Plaintiff alleges that instead of getting
28

1  Plaintiff medical help, C/O Reese left Plaintiff in a holding cell overnight while
2  Plaintiff was bleeding from stab wounds all over his body. This is sufficient to
3  state a colorable claim on screening and will proceed against Defendants Mason
4  and Reese.

5       **B.    Claim 2**

6  Under the Eighth Amendment, prison officials have a duty to protect
7  prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511
8  U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must
9  establish that prison officials were deliberately indifferent to serious threats to
10 the inmate's safety. *Id.* at 834. To demonstrate that a prison official was
11 deliberately indifferent to a serious threat to the inmate's safety, the prisoner
12 must show that "the official [knew] of and disregard[ed] an excessive risk to
13 inmate... safety; the official must both be aware of facts from which the
14 inference could be drawn that a substantial risk of serious harm exists, and [the
15 official] must also draw the inference." *Id.* at 837. Prison officials may not
16 escape liability because they cannot, or did not, identify the specific source of
17 the risk; the serious threat can be one to which all prisoners are exposed. *Id.* at
18 843.

19 The Court finds that Plaintiff states a colorable claim for failure to protect
20 against C/O Mason. Based on the allegations, Mason watched Plaintiff get
21 attacked and stabbed by multiple inmates at least three times and did nothing
22 to stop the attacks. This claim will proceed against Defendant Mason.

23 **III.    MOTION FOR PRO SE LITIGANT TO FILE ELECTRONICALLY**

24 Plaintiff, who is no longer incarcerated, moves for permission to use and
25 register for electronic case filing. (ECF No. 20). Plaintiff's motion is on a form
26 but it is not on this Court's approved form to request use of electronic case filing.
27 The Court denies Plaintiff's request without prejudice and directs Plaintiff to fill
28

out this Court's approved form for "Consent for Electronic Service of Documents."[2]

### IV. CONCLUSION

It is therefore ordered that the application to proceed *in forma pauperis* for inmates (ECF No. 4) is denied as moot because Plaintiff is no longer incarcerated.

It is further ordered that the Clerk of the Court **will send** Plaintiff: (1) the approved form application to proceed *in forma pauperis* by a non-inmate with instructions; and (2) the approved form for "Consent for Electronic Service of Documents."[3]

It is further ordered that **within 30 days** from the date of this order, Plaintiff will either: (1) file a fully complete application to proceed *in forma pauperis* for non-inmates; or (2) pay the full filing fee of $405.

It is further ordered that the motion to file an amended complaint (ECF No. 19) is granted.

It is further ordered that the operative complaint is the FAC (ECF No. 18).

It is further ordered that claim 1, alleging Eighth Amendment deliberate indifference to serious medical needs, will proceed against Defendants Mason and Reese.

It is further ordered that claim 2, alleging Eighth Amendment failure to protect, will proceed against Defendant Mason.

It is further ordered that the motion for pro se litigant to file electronically (ECF No. 20) is denied without prejudice.

It is further ordered that, if Plaintiff does not file an application to proceed *in forma pauperis* for non-inmates or pay the full $405 filing fee **within 30 days**

---

[2] The Clerk of the Court will send Plaintiff a courtesy copy of this form.

[3] The form can be found on this Court's website at https://www.nvd.uscourts.gov/wp-content/uploads/2020/04/Consent-by-Pro-Se-Non-Prisoner-to-receive-NEFs-4-15-20.pdf.

from the date of this order, the Court will dismiss this action without prejudice.

If Plaintiff timely complies with this order, the Court will issue a separate order staying the case for 90 days and referring this case to the Inmate Early Mediation Program.

DATED: February 10, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE